UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SYLVIA ROBINSON, for M.S.

Plaintiff,

v. Case No: 2:14-cv-391-FtM-CM

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. 18), filed on March 17, 2015. Plaintiff appealed the final decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for Supplemental Security Income ("SSI"). Defendant subsequently filed this Motion for Entry of Judgment with Remand. Doc. 18. While Plaintiff agrees that remand is appropriate, Plaintiff disagrees with the scope of the remand as provided by Defendant. Doc. 19. For the reasons set forth below, Defendant's motion is granted in part and this case is reversed and remanded back to the Commissioner.

**I. Issues on Remand**

Defendant requests that this action be remanded to the Commissioner for the Administrative Law Judge ("ALJ") to "obtain any additional necessary evidence, and ensure that Plaintiff's right to representation is appropriately addressed." Doc. 18 at 1. Plaintiff argues that Defendant's grounds for remand are too limited and

requests that the Court order remand for more specific reasons and with further directives:

> Upon remand, the Appeals Council will determine if reversal and a grant of benefits is warranted based on the Child Disability Listings. The record indicates that there is a reasonable possibility that Administrative Law Judge (ALJ) M. D. Evans abused his discretion in the adjudication of Plaintiff's case. Therefore, on remand, if the Appeals Council does not reverse the ALJ's findings and award benefits, the claim will be remanded to a different ALJ to hold a rehearing and issue a new decision. The ALJ will consider the evidence and determine whether the claim can be adjudicated pursuant to the Child Disability Listings. If the claim requires further consideration of the evidence, the ALJ will order a consultative examination and obtain the opinion of a medical expert regarding Plaintiff's residual functional capacity and whether she meets or functionally equals a Child Disability Listing. The ALJ will hold a new hearing and issue a new decision in accordance with this Remand Order.

Doc. 19 at 4. Thus, in summary, Plaintiff requests that the Court direct the Appeals Council to determine whether to award Plaintiff benefits pursuant to the Child Disability Listings and, if it does not, appoint a different ALJ to consider the evidence, including whether Plaintiff meets the Child Disability Listings, hold a rehearing if necessary and issue a new decision after ordering a consultative examination and obtaining the opinion of a medical expert.

## II. Procedural History and Summary of the ALJ's Decision

On March 23, 2005 the Social Security Administration determined that Plaintiff, a minor, was disabled as of October 1, 2004. Tr. 14; 70. At that time, Plaintiff had the following determinable impairments: cognitive disorder, attention deficit hyperactivity disorder, mathematics disorder and oppositional defiant

disorder. Tr. 17. It was later found, by the Social Security Administration, that Plaintiff had medical improvements and was no longer disabled as of November 1, 2010. Tr. 14; 71. Plaintiff, through her legal guardian, requested and received a rehearing before an ALJ on November 9, 2012. Tr. 14. Plaintiff was not represented at the hearing and chose not to testify. Tr. 48-50. Plaintiff's aunt attended the hearing and testified on Plaintiff's behalf. Tr. 48.

On December 18, 2012, the ALJ issued a decision, finding Plaintiff not disabled as of November 1, 2010. Tr. 11-32. At step one, the ALJ found there had been medical improvements since the most recent comparison point decision ("CPD") dated March 23, 2005. Tr. 17. At step two, the ALJ determined that the impairments Plaintiff had at the time of the CPD have not met or medically equaled the listings as written at the time of the CPD. Tr. 18. The ALJ stated also that the impairments Plaintiff had at the time of the CPD have not functionally equaled the Listing of Impairments. *Id.* At step three, the ALJ determined that since November 1, 2010 Plaintiff had the following severe impairments: attention deficit hyperactivity disorder and specific learning disability. Tr. 27. The ALJ also noted that although Plaintiff's records indicate that she has enuresis, it is a slight abnormality. *Id.* The ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."[1] Tr. 28.

---

[1] Appendix 1 is the listing of impairments ("Listing") that "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work

Moreover, the ALJ stated that Plaintiff has not had an impairment or combination of impairments that functionally equals the listings since November 1, 2010. *Id.* Specifically, he found that Plaintiff's specific learning disorder and attention deficit hyperactivity disorder do not meet the listing level severity. *Id.*

Taking into account all Plaintiff's symptoms, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not credible for the period since November 1, 2010, to the extent they are inconsistent with the finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings." Tr. 29. In making this finding, the ALJ stated that he considered the significant drop in Plaintiff's IQ but found that the test results were not valid or indicative of Plaintiff's intellectual ability. *Id.* Although Plaintiff has some limitations according to the teacher's assessments and Plaintiff's aunt's testimony, the ALJ found that the limitations "are not as restrictive as they indicated because the evidence of record suggests that the claimant has been non-compliant with treatment and when she takes her medication as prescribed, her symptoms are greatly alleviated." *Id.*

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council. After considering the ALJ's decision, the Appeals Counsel denied the request on June 16, 2014. Tr. 1-10. Accordingly, the ALJ's December 18, 2012

---

experience." 20 C.F.R. § 405.1525(a).

decision is the final decision of the Commissioner. On July 10, 2014, Plaintiff timely filed her Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3). Doc. 1. Plaintiff subsequently filed her Memorandum in Support of the Complaint. Doc. 15. The Commissioner followed by filing an Opposed Motion for Entry of Judgment with Remand. Doc. 18.

**III. Social Security Act Eligibility and Standard of Review**

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007). The Commissioner's findings of fact are conclusive if supported by

substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

Here, the parties agree that this case should be remanded. Thus, the scope of the Court's review is to determine the scope of the remand.

## IV. Discussion

### *a. Right to Representation*

Plaintiff first argues that the ALJ failed to obtain a proper waiver of her right to counsel. Doc. 15 at 3. During the November 9, 2012 hearing, Plaintiff appeared

with her aunt, Sophia Paulin. Doc. 15 at 4. Ms. Paulin is not the legal guardian or representative payee for Plaintiff. *Id.* Ms. Sylvia Robinson is Plaintiff's legal guardian, but she did not attend the hearing. Doc. 15 at 4-6. Plaintiff states that the ALJ did not inquire whether Ms. Paulin was the appropriate person to testify on Plaintiff's behalf. Doc. 15 at 4.

The Commissioner has a duty to ensure that Plaintiff is aware of her right to counsel and to solicit and knowing and voluntary waiver of that here. *See* 28 U.S.C. §406; *Cowart v. Schweiker*, 662 F.2d 731 (11th Cir. 1981). Here, the ALJ made no inquiry into whether Plaintiff was aware of her right to counsel and whether she waived that right. Furthermore, the Court agrees that the ALJ should have investigated whether Ms. Paulin was the appropriate person to testify on behalf of Plaintiff. The ALJ failed to meet his duty to ensure that Plaintiff was aware of her right to representation. Defendant agrees that this case should be remanded to "ensure that Plaintiff's right to representation is appropriately addressed" Doc. 18 at 1.

*b. Child Disability Listings*

Plaintiff also argues the remand should specify that the ALJ consider the Child Disability listings. Doc. 19 at 2. Defendant responds that by remanding this case to obtain additional evidence and ensure Plaintiff's right to representation, "the ALJ will ensure that Plaintiff has a fair hearing that comports with due process, including Plaintiff's right to representation; and will issue a new decision that applies relevant law, rules, and regulations, including whether Plaintiff met or functionality equaled

the child disability listings." Doc. 21 at 1-2. As part of the five-step sequential analysis, the ALJ is required to consider the listings. 20 CFR 416.994a(b)(2). Therefore, while it is not necessary that the Court include a directive that the Commissioner consider the Child Disability Listing on remand, in an abundance of caution and because the parties are in agreement, the Court will instruct the Commissioner to consider the Child Disability Listings.

*c. Abuse of Discretion*

Plaintiff argues that the ALJ abused his discretion by substituting his own opinion for that of medical experts. Doc. 19 at 2. Specifically, Plaintiff states that the ALJ failed to properly develop the record to determine whether the Plaintiff's drop in I.Q. test scores were due to cognitive disorders. Doc. 15 at 17. Thus Plaintiff asserts the case should be remanded to a different ALJ to hold a rehearing and issue a new decision. Doc. 19 at 4. Defendant correctly states that it is within the agency's discretion whether to remand Plaintiff's claim to the same or a different ALJ. Doc. 21 at 2. Typically the decision of whether to remand a case to a new ALJ is the decision of the Commissioner. *See Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993). Defendant further argues that an order remanding this case to a new ALJ infringes on the discretion of the Commissioner and agency officials. Doc. 21 at 2. Moreover, Defendant disagrees that the record shows that the ALJ abused his discretion. *Id.* Defendant, however, does agree that the ALJ should hold a new hearing. *Id.* at 1-2.

The Court's review of the records does not support Plaintiff's argument that the ALJ inserted his own opinion for that of the examiner and therefore abused his discretion. Tr. 70. The examiner facilitating the test considered the results an "underestimation of the claimant's intellectual capability." *Id.* The ALJ used this information along with cases that suggest IQ tests results remain fairly constant throughout an individual's life. *Id.* The ALJ issued the decision based on the evidence obtained at that time. While, both Plaintiff and Defendant agree that the ALJ should obtain additional information on remand and issue a new decision, Plaintiff has failed to provide sufficient information to indicate the ALJ abused his discretion. Therefore, the Court will not include a directive to remand this case to a new ALJ. The Commissioner can decide whether to remand this case to a new ALJ. The Court will, however, include a directive that the ALJ conduct a rehearing.

*d. Consultative Examination*

Finally, Plaintiff requests that on remand, the ALJ order a consultative examination and obtain the opinion of a medical expert to fully develop the administrative record. Doc. 19 at 3. "[T]he administrative law judge is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the administrative law judge to render a decision." *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988). Thus, it is within the discretion of the ALJ to order a consultative examination. Therefore, the Court is not inclined to add this directive, as the ALJ will be receiving additional information. If the ALJ requires a consultative examination to evaluate the claim after reviewing

the additional medical evidence received on remand, the Court will leave that decision to the ALJ to order such examination.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. 18) is **GRANTED in part** and the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner to:

   a. Obtain any additional necessary evidence and, if necessary, order a consultative examination;

   b. Ensure that Plaintiff's right to representation is appropriately addressed;

   c. Consider the evidence and determine whether the claim can be adjudicated pursuant to the Child Disability Listings;

   d. Hold a rehearing and issue a new decision in accordance with this Order.

   e. Take any other action as deemed necessary

The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of June, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record