UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SYLVIA ROBINSON, for M.S.

      Plaintiff,

v.                                 Case No:  2:14-cv-391-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## ORDER

Before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act.   Doc. 27.   The Commissioner responded in opposition.   Doc. 28.   Plaintiff filed a reply.   Doc. 33.   For the reasons set forth below, Plaintiff's motion is granted in part.

Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees in the amount of $5,390.23.   Plaintiff attaches an itemization of time confirming a total of 18.55 hours worked at a rate of $190.95 per hour in 2014, and 9.75 hours worked at a rate of $189.55 per hour in 2015 on this matter.   Doc. 27 at 9.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million

at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.   28 U.S.C. § 2412(d).

In this case, on June 11, 2015, the Court entered an Opinion and Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. 25.   Judgment was entered the same day.   Doc. 26.   Plaintiff also asserts that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time this proceeding was filed was less than two million dollars.   Doc. 27 at 1-2.   The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.   28 U.S.C. § 2412(d)(2)(A).   Determination of the appropriate hourly rate is thus a two-step process.   The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate.   *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).   The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work he performed

in 2014 and 2015.  Because the Commissioner does not object to the adjusted hourly rate sought and it is within the rates permitted by the EAJA, the Court finds that $190.95 per hour in 2014 and $189.55 per hour in 2015 are appropriate and reasonable hourly rates.

Plaintiff's counsel also has submitted timesheets that include an itemization of legal services performed.  Doc. 27 at 8-9.  Counsel spent a total of 18.55 hours of work in 2014 and 9.75 hours of work in 2015 on Plaintiff's case. *Id.*  Thus, Plaintiff requests a total of $3,542.12 for work performed in 2014 and $1,848.11 for work performed in 2015.  *Id.*

The Commissioner objects to this request.  The Commissioner argues that Plaintiff's motion should be stricken because Plaintiff failed to comply with local rule 3.01(g), or in the alternative, the number of hours Plaintiff seeks reimbursement for should be reduced by 4.6 hours.  Doc. 28 at 2, 6.  The Commissioner states that Plaintiff's counsel failed to confer, in good faith, prior to filing this motion.  *Id.* at 2. Rather, Plaintiff's counsel simply sent over a copy of the motion on the same day he filed the motion with the Court.  *Id.*  Therefore, the Commissioner requests that the motion be stricken.  *Id.*  at 6.

Plaintiff responds that the Commissioner is correct that Plaintiff's counsel sent over a copy of the motion on the day he filed it because that was the day the motion was due.  Doc. 33 at 1.  Plaintiff clarifies that Plaintiff's counsel did not simply send over the motion, but he asked the Commissioner whether the motion was acceptable so an amended and unopposed motion could be filed.  *Id.* at 2.  Plaintiff also states

that Plaintiff's counsel asked the Commissioner to contact him if there were any necessary changes but the Commissioner decided to file the objection to the motion rather than request any changes.   *Id.*   While the Court is not convinced that Plaintiff's counsel satisfied the requirements of local rule 3.01(g), the Court is not inclined to strike or deny Plaintiff's motion on that basis.   The parties, however, are reminded that failure to comply with the local rules could result in future motions being stricken or denied.   *See Vergeson v. Astrue*, 2011 WL 62119 *1 n. 1 (M.D. Fla. 2011).

The Commissioner also requests that the Court reduce Plaintiff's fee award by 4.6 hours.   Doc. 28 at 6.   The Commissioner argues that some of the hours claimed by Plaintiff are either excessive or clerical in nature, and therefore non-compensable. *Id.* at 3-4.   The Commissioner objects to the .5 hours Plaintiff seeks related to filing the motion for extension of time.   *Id.*   The Commissioner contends that these tasks were done for the benefit and convenience of counsel alone and are not compensable at the taxpayer's expense.   *Id.*   (citing *Brinser v. Comm'r of Soc. Sec.*, 2013 WL 2422611 *3 (M.D. Ga. 2013)).   Additionally,

> the Commissioner objects to the .75 hours [Plaintiff's counsel] spent preparing, filing, and receiving summons and return of process on July 15 and September 12, 2014; the .1 hours he spent scanning into his own internal record Defendant's answer; and the .25 hours he spent receiving, scanning and calendaring events in connection with the Court's scheduling order on September 17, 2014; for a total of 1.1 hours.

*Id.* at 5.   The Commissioner argues that these tasks are clerical and do not require any specialized knowledge to be completed.   *Id.*   The Commissioner also objects to

the .5 hours Plaintiff requests for drafting the motion to file sur-reply and the 2.5

hours spending drafting the sur-reply.   *Id.*   The Commissioner argues that time is

excessive because the sur-reply was only two pages long and did not appear to involve

any new argument or research.   *Id.*

Plaintiff responds that she does not object to the deletion of the .5 hours related

to motion for extension of time.   Doc. 33 at 4-5.   Plaintiff also states that she does

not object to a reduction of .6 hours from the July 15, 2014 and September 12, 2014

entries related to filing and receiving the summons.[1]   Because Plaintiff has agreed

to withdraw 1.1 hours, the Court will only address the remaining entries at issue.

The Court agrees with the Commissioner that purely clerical tasks are not

compensable.   *Norman v. Housing Authority of the City of Montgomery,* 836 F.2d.

1292, 1303 (11th Cir. 1988); *Mobley v. Apfel*, 104 F.Supp.2d 1357, 1360 (M.D. Fla.

2000).   Clerical tasks are properly considered overhead costs, and therefore are not

compensable under the EAJA at any rate.   *Mobley*, 104 F.Supp.2d at 1360.   In

*Mobley*, the defendant argued that preparing a service of process, filing a complaint,

---

[1] Plaintiff notes that the entries for July 15, 2014 and September 12, 2014 total .85 hours, not 1.1 hours as calculated by the Commissioner.   Doc. 33 at 5 n. 2. While the Court agrees that the hours for July 15, 2014 and September 12, 2014 total .85 hours, the Commissioner does not appear to contest all of the hours on September 12, 2014.   *See* Doc. 28 at 5.   It appears that the Commissioner contests only those hours related to preparing, filing and receiving the summons.   Doc. 28 at 5.   Those hours total .75 hours.   The Commissioner makes no objection to the .1 hour on September 12, 2014 related to Plaintiff's counsel's contact with the U.S. Attorney's office regarding consenting to a magistrate. It appears the Commissioner arrived at a total of 1.1 hours when he added the .75 hours related to preparing, filing and receiving the summons to the .1 hours Plaintiff's counsel spent scanning in Defendant's answer and the .25 hours Plaintiff's counsel spending scanning and calendaring the dates from the Court's scheduling order.   *See* Doc. 28 at 5.   Those entries total 1.1 hours as alleged by the Commissioner.

and receiving a return of service and other documents were clerical and therefore non-compensable.  *Id.*  The court, however, did not reduce the plaintiff's attorney fee award for the actual preparation of the service of process.  *Id.*  The court made reductions for filing the complaint and receipt of the return of service, among other things, but not for the preparation of the service of process.  *Id.*

Similarly, here, the Court finds that the .25 hours Plaintiff's counsel spent preparing the service of process is compensable.  The Court, however, will reduce Plaintiff's hours by .25 for *receipt* of the order setting the briefing schedule. (emphasis added).  The Court finds this task purely clerical in nature.  While the Commissioner argues that the Court should also reduce Plaintiff's time by .1 for Plaintiff's counsel receipt of the Commissioner's answer, the Court is not inclined to make that reduction because it appears that Plaintiff's counsel also reviewed the answer and the Court finds that .1 hours for reviewing an answer reasonable.

The Commissioner also seeks a 3.0 hour reduction for time spent preparing the motion for leave to file a sur-reply and preparation of the sur-reply itself.   Doc. 28 at 5.  Although the sur-reply may only be two pages, the Court finds the time spent to be reasonable.   The Court agrees with Plaintiff that counsel had to review multiple filings along with the cases the Commissioner cited in response to the motion in order to prepare the sur-reply.   Thus, the Court finds the 3.0 hours expended to be reasonable.

Accordingly, the Court will reduce Plaintiff's counsel's hours expended in 2014 by 1.35 hours[2] for a total of 17.2 hours in 2014 at an hourly rate of $190.95.   The Court will not reduce Plaintiff's counsel's hours expended in 2015.   Thus, Plaintiff will be awarded a total of 17.2 hours at an hourly rate of $190.95 in 2014 for a total of $3,284.34 and 9.75 hours at an hourly rate of $189.55 in 2015 for a total of $1,848.11.   Plaintiff is awarded a total of $5,132.45 is attorney's fees and costs.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 27) is **GRANTED in part**.   Attorney's fees in the amount of $5,132.45 shall be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2.      The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $5,132.45.

---

[2] Plaintiff's counsel conceded to a reduction of 1.1 hours.   Doc. 33 at 6.   The Court also will reduce Plaintiff's hours by .25 for receipt of the scheduling order.   This totals a 1.35 hour reduction.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of January, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record